Opinion
COHN, P. J.
The facts in this matter are uncomplicated and not in dispute.
On July 5, 1978, a criminal complaint was filed in the municipal court, alleging that on or about March 5, 1978, respondent Drake violated Elections Code section 29410, a misdemeanor.
Section 29410, in pertinent part, reads as follows: “(a) Every person, other than a public officer in the performance of an official duty, is guilty of a misdemeanor who causes to be reproduced by any mechanical or electrical means including, but not limited to, printing, photocopying, mimeographing, or silkscreening, any circular, pamphlet, letter, poster, bill, or other reproduced matter having reference to an election, to any candidate, or to any measure, or causes such reproduced matter to be posted or distributed, unless there appears on the circular, pamphlet, •letter, poster, bill, or other reproduced matter in no less than six-point type not subjected to the halftone process the name arid address of the business or residence of a person responsible for it.
*Supp. 34 “If the responsible person is acting on behalf of a campaign committee which has filed a statement of organization with the Secretary of State under the provisions of the Political Reform Act of 1974, as amended, the name and address to appear on the reproduced matter may be the name and address of the campaign committee.
“(b) Any circular, pamphlet, letter, poster, bill, or other reproduced matter having reference to an election, candidate, or measure, which contains no more information than the following items which appear on the ballot: the date of the election, the nature of the election (e.g., primary, general, special, runoff), the name of the jurisdiction (e.g., Alhambra City, Los Angeles Community College District), and, in the case of a candidate, the name of the candidate, the title of the office, including district number, if any, and in the case of a partisan office, the candidate’s party designation, or, in the case of a measure, the title of the measure and its number or letter designation, and the use of words such as ‘Oppose,’ ‘Reject,’ ‘Keep,’ ‘Send,’ ‘Yes on,’ ‘No on,’ ‘Vote for,’ ‘Elect,’ ‘Reelect,’ ‘Retain,’ ‘Return,’ ‘Recall,’ ‘Remove,’ and ‘Support’ is exempted from the identification requirements of subdivision (a); provided, however, that a mass mailing as defined in Section 82041.5 of the Government Code shall comply with Section 84305 of the Government Code.
“(c) Any circular, pamphlet, letter, poster, bill, or other reproduced matter referring only to candidates for federal office and subject to the requirements of Section 441d of Title 2 of the United States Code is exempt from the identification requirements of subdivision (a).”
Respondent Drake’s demurrer was sustained by the municipal court without leave to amend on the basis that the statute was unconstitutionally overbroad. Subsequently, said court issued a judgment of dismissal from which the People appeal. The sole issue to be dealt with is whether the municipal court erred in ruling that section 29410 is unconstitutionally overbroad. ,
We agree with respondent’s contention that the statute is basically a legislative prohibition of anonymous political campaign literature. Respondent further cites impressive authority for the proposition that, for certain individuals and groups, anonymity is necessary to exercise their right of free speech and that an identification requirement would tend to restrict freedom of expression. (Talley v. California, 362 U.S. 60 [4 L.Ed.2d 559, 80 S.Ct. 536].) It is also true that persecuted groups and sects *Supp. 35 from time to time throughout history have been able to criticize oppressive practices and laws either anonymously or not at all. (Talley v. California, supra.)
Appellant conversely urges that there is no absolute right to anonymity, but, to justify impairment of the right there must exist a compelling state interest. (Huntley v. Public Util. Com., 69 Cal.2d 67 [69 Cal.Rptr. 605, 442 P.2d 685].)
Both parties rely upon the leading case of Canon v. Justice Court (1964) 61 Cal.2d 446 [39 Cal.Rptr. 228, 393 P.2d 428], in which the court found a compelling state interest in insuring integrity of elections.
Conceding, as we must, that there is a compelling state interest in insuring the integrity of elections, the issue narrows to the question of whether this particular statute goes too far and includes too much in an effort to attain a laudable objective.
The Canon case dealt with the then Elections Code section 12047 which made it a misdemeanor to write, print, post or distribute unsigned material “designed to injure or defeat any candidate ... by reflecting upon his personal character or political action . . . .” While this section was held to be unconstitutional for other reasons, the Supreme Court held that this type of legislation “ ‘implements rather than detracts from the prized freedoms guaranteed by the First Amendment.’ ’’ The aim is to have government responsive to the will of the people; but the will of the people should be “an undeceived, well-informed will.”
The problem is that, although the intent of this legislation is to create an undeceived, well-informed will of the people, it goes too far.
For example, if one were to put out a typical campaign mailing stating that if Earl Warren were to be elected Governor of California, he would be one of the great governors in the history of the state, and if this campaign mailer were unsigned, the printer and/or the distributor of the pamphlet would be guilty of a misdemeanor under the provisions of section 29410. The statute is a flat prohibition of the creation or distribution of a class of written material regardless of the innocence of motive, the truth of the written material or the harmlessness of the activity. The mere unsigned reference to an election of a candidate or a measure on a ballot can, without more, be a crime under-the terms of this *Supp. 36 statute. We see no compelling state interest that would justify criminalizing innocent activities along with injurious activities.
We therefore agree with the action of the municipal court. The judgment dismissing the complaint is affirmed.
Carey, J., and Edson, J.,* concurred.

 Assigned by the-Chairperson of the Judicial Council.